IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Earthworks Group, Inc., | C/A No.: 4:17-cv-01486-AMQ |
| Plaintiff, | |
| v. | |
| A&K Properties of South Carolina, Inc., Hanco of SC, Inc., Kirk Hanna; Venture Engineering, Inc., Steve S. Powell, and Ryan E. Harvey, | **OPINION AND ORDER** |
| Defendants. | |

Currently pending before the Court are the following motions filed by Plaintiff Earthworks Group, Inc. ("Plaintiff") and Defendants A&K Properties of South Carolina Inc., Hanco of SC, Inc., Kirk Hanna, Venture Engineering, Inc., Steve S. Powell, and Ryan Harvey ("Defendants"): Defendants' Motion to Submit Amended Answers and Affirmative Defenses (ECF No. 27); Defendants' Motion to Dismiss (ECF No. 28); Defendants' Motion to Strike Earthworks' Sur-Reply Brief (ECF No. 33); Plaintiff's Motion to Amend its Amended Complaint (ECF No. 34); Plaintiff's Motion to Compel Discovery (ECF No. 54); and Defendants' Motion to Compel Discovery (ECF No. 56). Briefing is complete on all Motions with the exception of Defendants' Motion to Compel Discovery (ECF No. 56). For the following reasons, the Court hereby grants Plaintiff's Motion to Amend (ECF No. 34). Accordingly, the Court denies as moot Defendants' Motion to Submit Amended Answers and Affirmative Defenses (ECF No. 27), Defendants' Motion to Dismiss (ECF No. 28) and Defendants' Motion to Strike Earthwork's Sur-Reply Brief (ECF No. 33). The Court reserves

ruling on Plaintiff's Motion to Compel Discovery (ECF No. 54) and Defendants' Motion to Compel Discovery (ECF No. 56) until both matters have been fully briefed.

## BACKGROUND

Plaintiff initiated this action on June 7, 2018. (ECF No. 1). Thereafter, Plaintiff filed its Amended Complaint as a matter of course on June 23, 2017. (ECF No. 10). Defendants' filed their Answer to the Amended Complaint on August 1, 2017. (ECF No. 15). On November 28, 2017, the Court issued an Amended Scheduling Order requiring any motions to amend the pleadings in this case to be filed by February 25, 2018. (ECF No. 26). During January 2018, Defendants filed a Motion to Submit Amended Answers and Affirmative Defenses (ECF No. 27) and a Motion to Dismiss (ECF No. 28). Defendants also filed a Motion to Strike Earthworks' Sur-Reply Brief on February 21, 2018. (ECF No. 33). In accordance with the Amended Scheduling Order in this case, Plaintiff filed its Motion to Amend its Amended Complaint on February 26, 2018.[1] (ECF No. 34).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), "the court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The law is well settled "that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (internal citations omitted) (emphasis in original). The Court should not deny leave to amend based on delay alone. *Id*. Rather, the delay, if any, must be accompanied by prejudice, bad faith, or futility. *Id*.

---

[1] Plaintiff filed its Motion to Amend on February 26, 2018 because the Court ordered deadline of February 25, 2018, fell on a Sunday. *See* Fed. R. Civ. P. 6(a)(1)(C).

In order to determine whether an amendment is futile, the Court must look to the proposed amended complaint to determine whether the amendments could withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). To survive a motion to dismiss, a plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556)). In considering a motion to dismiss under Rule 12(b)(6), a court "accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff. . . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). A court should grant a Rule 12(b)(6) motion if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

## ANALYSIS

Plaintiff filed its Motion to Amend within the time prescribed in the Amended Scheduling Order dated November 28, 2017. Nonetheless, Defendants argue that the Court should deny Plaintiff's Motion to Amend because any amendment to the Amended Complaint

would be futile. Defendants make three primary arguments regarding futility. First, they argue that even under the allegations of the proposed Second Amended Complaint, Plaintiff could not have reasonably relied on the alleged misrepresentations of Defendants as a matter of law. Second, Defendants argue that the alleged misrepresentations in the proposed Second Amended Complaint fail to state a claim for causation as a matter of law. Third, Defendants argue that the claims set forth in the proposed Second Amended Complaint fail as a matter of law because the claims are barred by the applicable statutes of limitation.

To address the Defendants' arguments regarding futility, the Court must evaluate Plaintiff's proposed Second Amended Complaint using the applicable standard for motions to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), as set forth above. The Court has carefully reviewed the proposed Second Amended Complaint and all briefs submitted by the parties. The Court finds Plaintiff's allegations contain sufficient facts, if taken as true, to support a plausible claim for relief with regards to each count. The arguments made by Defendants are more appropriate for the summary judgement stage of the case where the record on those arguments will be more fully developed. *See Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199 (4th Cir. 1997) (examining an opinion issued by the trial judge at the summary judgment stage of the case); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789 (4th Cir. 2001) (examining an opinion issued by the trial judge after a bench trial); and *Ardis v. Cox*, 431 S.E.2d 267 (S.C. Ct. App. 1993) (examining an opinion issued by the trial judge at the summary judgment stage of the case). Therefore, the Court grants Plaintiff's Motion to Amend (ECF No. 34). Accordingly, Defendants' Motion to Submit Amended Answers and Affirmative

Defenses (ECF No. 27)[2], Defendants' Motion to Dismiss (ECF No. 28) and Defendants' Motion to Strike Earthwork's Sur-Reply Brief (ECF No. 33) are denied as moot.

## **CONCLUSION**

For the reasons set forth above, the Court hereby **GRANTS** Plaintiff's Motion to Amend (ECF No. 34). Consequently, the Court hereby **DENIES** as moot Defendants' Motion to Submit Amended Answers and Affirmative Defenses (ECF No. 27), Defendants' Motion to Dismiss (ECF No. 28) and Defendants' Motion to Strike Earthwork's Sur-Reply Brief (ECF No. 33).

**IT IS SO ORDERED**.

/s/ A. Marvin Quattlebaum, Jr.
A. Marvin Quattlebaum, Jr.
United States District Judge

July 23, 2018
Greenville, South Carolina

---

[2] Defendants will, of course, have the opportunity to answer the Plaintiff's Second Amended Complaint and assert any defenses they deem appropriate. Fed. R. Civ. P. 12.