UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Earthworks Group, Inc., | ) | |
|---|---|---|
| Plaintiff, | ) | Case No.: 4:17-cv-01486-SAL |
| v. | ) | |
| A&K Properties of South Carolina, Inc.; Hanco of SC, Inc.; Kirk Hanna; Venture Engineering, Inc.; Steve S. Powell; and Ryan E. Harvey, | ) | OPINION AND ORDER |
| Defendants. | ) | |

This matter is before the Court on Defendants A&K Properties of South Carolina, Inc. ("A&K"), Hanco of SC, Inc. ("Hanco"), Kirk Hanna, Venture Engineering, Inc. ("Venture"), Steve S. Powell, and Ryan E. Harvey's (collectively, "Defendants") Motion for Summary Judgement, ECF No. 81, filed April 30, 2019. Plaintiff Earthworks Group, Inc. ("Earthworks") filed its Response in Opposition, ECF No. 85, on June 13, 2019, and Defendants filed their Reply, ECF No. 86, on June 18, 2019. After the March 10, 2020 hearing on Defendants' motion, the Court directed the parties to submit supplemental briefs. *See* ECF Nos. 93, 96, 98. Defendants' motion is accordingly ripe for consideration.

The Court grants Defendants' motion in part, finding that certain of Plaintiff's copyright claims and Plaintiff's state law claims are barred by the applicable statutes of limitations. Plaintiff has, however, established triable issues concerning Defendants' alleged infringement occurring less than three years before it filed suit.

## **BACKGROUND**

This action, filed on June 7, 2017, states claims for copyright infringement, misrepresentation, and fraud arising from Defendants' alleged copying of residential site development plans. Plaintiff Earthworks is an engineering firm. Its president, Steven Strickland,

created original site development plans for a residential community in Horry County, South Carolina between 2008 and 2010. When the original owner of the site lost the property in foreclosure, Defendant Kirk Hanna purchased it for development. On October 1, 2012, Kirk Hanna began to negotiate with Steven Strickland to explore retaining Earthworks and using its plans for the development. Earthworks sent a set of plans for the site to help Kirk Hanna estimate costs for the project, and Kirk Hanna acknowledged that it would either need to retain Earthworks and use its plans, or hire another firm to redesign the site. Negotiations to retain Earthworks fell through, however, and Defendant Venture was retained to develop site plans for the project.

On November 2, 2012, Ryan Harvey submitted a set of Earthworks' original plans to regulators on behalf of Venture. On November 5, 2012, Trudy Smith, an Earthworks employee, notified regulators that these plans were protected by copyright and that their use was not authorized. The submission appears to have been rejected by the regulators for this reason, and Venture subsequently submitted another set of plans for The Diamond on November 7, 2012. Regulators advised Trudy Smith of this submission and that records were available via the Freedom of Information Act ("FOIA"). Trudy Smith responded that she was preparing a FOIA request for The Diamond on November 7, 2012. Earthworks alleges that these plans infringe the original design.

On November 14, 2012, Earthworks received a certificate of copyright registration for the original site plans under the category "technical drawings." Earthworks subsequently issued a cease-and-desist letter to Kirk Hanna on December 20, 2012, advising him to stop constructing The Diamond using infringing plans. Kirk Hanna responded to the letter by stating that a different firm had developed the plans.

Subsequently, and over the course of the project, multiple images depicting The Diamond have appeared on Defendant Hanco's website. In addition, Defendants admit that hundreds of regulatory submissions occurred after Venture's initial transmission of Earthworks' original plans on November 2, 2012.

This action, filed on June 7, 2017, states claims against all Defendants for infringement of Earthworks' copyrighted technical drawings for The Diamond. Earthworks claims that Defendants infringed its copyright by (1) submitting Earthworks' plans and infringing copies thereof to regulators for approval; (2) distributing infringing plans to contractors for construction; (3) beginning construction of The Diamond; and (4) using infringing works to advertise and market the project.[1] *See* Second Am. Compl. ("SAC"), ECF No. 66 at ¶ 59. In addition to copyright infringement, the SAC states causes of action for intentional and negligent misrepresentation and fraud against Kirk Hanna, Hanco of SC, Inc., and A&K Properties of South Carolina, Inc. (the "Hanna Defendants"). These state law claims arise from Kirk Hanna's statements to Steven Strickland, all made in 2012, that (1) Earthworks would be retained for The Diamond project; (2) if Earthworks was not retained, a separate engineering firm would design new plans; and (3) plans submitted for approval by Defendants in November 2012 were not Earthworks' copyrighted plans.

After a thorough review of the arguments and evidence submitted by the parties, and the record in this case, the Court finds that all acts of copyright infringement that occurred prior to June 7, 2014, are barred by the statute of limitations, because no reasonable jury could find that Earthworks was not chargeable with knowledge of Defendants' putative infringement more than three years before Earthworks filed this suit. Likewise, Earthworks was chargeable with

---

[1] Plaintiff also claims that "any other unauthorized use" infringed its copyright. SAC at ¶ 59. There are no substantive allegations or evidence in the record suggesting that any acts of copyright infringement may have occurred other than those enumerated.

knowledge of its state law claims against the Hanna Defendants in 2012, and those claims are therefore also untimely. Earthworks has, however, carried its burden at this stage to survive summary judgment with respect to claims of copyright infringement occurring after June 7, 2014, arising from Defendants' (1) distribution of allegedly infringing plans to regulators and contractors, and (2) display of allegedly infringing images to market The Diamond online. There is sufficient evidence to show that these acts constituted infringement and that claims for these certain acts occurring after June 7, 2014, are timely. Plaintiff's claim that physically constructing The Diamond constitutes an act of infringement, however, is invalid as a matter of law. Finally, Plaintiff is not entitled to statutory damages or attorney's fees, because it did not register its copyright until after Defendants commenced their alleged course of related infringing activity.

## **SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his

pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

Further, Rule 56 provides in pertinent part:

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

**I.    Plaintiff was Chargeable with Knowledge of Alleged Infringement More than Three Years Before it Filed Suit. Under the Separate-Accrual Rule, However, Plaintiff has Carried its Burden with Respect to Copyright Claims Arising Thereafter.**

In addition to satisfying the elements of copyright infringement, discussed below, claims must, of course, be brought in a timely manner. Copyright claims are subject to a three-year

statute of limitations. 17 U.S.C. § 507(b). Because Plaintiffs were chargeable with knowledge of Defendants' alleged infringement more than three years before it filed suit, only copyright claims that arose less than three years before it filed suit are timely under the separate-accrual rule.

The Copyright Act's statute of limitation provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A copyright claim accrues "when one has knowledge of a violation or is chargeable with such knowledge." *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 199, 202 (4th Cir. 1997) (quoting *Roley v. New World Pictures, Ltd.,* 19 F.3d 479, 481 (9th Cir.1994)). The Fourth Circuit follows a discovery rule in applying the copyright statute of limitations. *Hotaling*, 118 F.3d at 202. Under the discovery rule, a copyright claim "accrues" within the meaning of 17 U.S.C. § 507(b) when a party knows of the basis for its claim or is "chargeable with such knowledge." *Id* (quoting *Roley*, 19 F.3d at 481). A party is chargeable with knowledge when the exercise of due diligence would have revealed the basis for the claim. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 n.4 (2014) (citations omitted).[2] Stated differently, a plaintiff can be charged with knowledge of a copyright claim "once he possesses information fairly suggesting some reason to investigate whether he may have suffered an injury at the hands of a putative infringer." *Warren Freedenfeld Assocs., Inc. v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008).

While the three-year limitations period does not bar recovery for related acts of infringement that actually occurred during the limitations period, *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 797 (4th Cir. 2001), a plaintiff may not "reach back" based on acts of infringement that occurred during the three year limitations period in order to recover for

---

[2] The Supreme Court has not passed on the question of whether the discovery rule applies in the copyright context; however, the *Petrella* decision describes the discovery rule applied by nine circuits in this manner.

related acts occurring prior. *Hotaling*, 118 F.3d at 202 (citations omitted). 17 U.S.C. § 507(b) thus precludes Earthworks from recovering for any act of infringement that accrued more than three years before it filed this lawsuit, *i.e.*, June 7, 2014. This is commonly known as the "separate-accrual rule."

Earthworks contends through the affidavit of Mr. Strickland that its copyright claims did not accrue until June 24, 2014, when it received a set of as-built drawings for The Diamond from Horry County, which allegedly indicated for the first time that Defendants had copied Plaintiff's design. *See* ECF No. 85-1. In the alternative, Earthworks argues that the limitations period should be tolled by reason of Defendants "conceal[ing] their wrongdoing by making several statements to the Plaintiff indicating that what they submitted was not created by the Plaintiff and was created by a different firm" in 2012. ECF No. 85 at 30. The Court rejects both arguments, and finds that Plaintiff was chargeable with knowledge of Defendant's alleged infringement in 2012. Plaintiff has carried its burden, however, to show that other independent claims of infringement are timely brought within the applicable three-year limitations period. Because each separate act of infringement begins a new limitations period, Defendants' motion is granted in part and denied in part. Only acts of infringement that occurred after June 7, 2014, are recoverable, because Plaintiff was chargeable with knowledge that Defendants were violating its copyright prior to that date.

First, Defendants have shown that Plaintiffs either had actual knowledge or were chargeable with knowledge of copyright infringement in 2012. The Court finds that the undisputed facts, viewed in a light most favorable to Earthworks, support this conclusion. Almost immediately after Ryan Harvey submitted Earthworks' original plans, Trudy Smith advised recipients of the plans that they were protected under copyright law and could not be used. Trudy Smith subsequently submitted to regulators a FOIA request for documents upon

learning that a second submission had been made for The Diamond. Plaintiff's counsel represented during the hearing on this matter that Trudy Smith did in fact submit a FOIA request, although the record does not indicate what specific documents Earthworks received in return. The following month, Earthworks sent Kirk Hanna a cease-and-desist letter to halt construction, specifically accusing him of copyright violations. Earthworks necessarily had, at this time, "information fairly suggesting some reason to investigate" whether it had a copyright claim. *Warren Freedenfeld Assocs., Inc.*, 531 F.3d at 44. Earthworks' claim that it cannot be charged with knowledge of infringement until June 24, 2014, and that its "initial concerns simply stem from the loss of a contract" with the Hanna Defendants, ECF No. 85 at 28, is a mere allegation that does not give rise to a genuine issue.

The Court accordingly grants Defendants' motion on the issue of the statute of limitations with respect to all claims of copyright infringement that occurred before June 7, 2014. This suit was filed less than three years after all later claims of infringement, however, and such claims are therefore timely under 17 U.S.C. § 507(b).

### A. Plaintiff's Copyright Claims for Distribution to Regulatory Agencies and Contractors are Barred by the Statute of Limitations Only to the Extent such Conduct Occurred Before June 7, 2014.

In accordance with the foregoing, the Court finds sufficient evidence upon which a jury could conclude that Defendants infringed Plaintiff's copyright by distributing plans for The Diamond to regulatory and licensing agencies, as well as contractors and subcontractors.

To state a claim for copyright infringement, a plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Copying can be proven through direct or circumstantial evidence. *Bldg. Graphics, Inc. v. Lennar Corp.*, 708 F.3d 573, 578 (4th Cir. 2013). "Direct evidence of copying . . . includes evidence such as party admissions,

witness accounts of the physical act of copying, and common errors in the works of plaintiffs and the defendants." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 537 (4th Cir. 2015), *as amended* (June 24, 2015) (quoting *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 732 (8th Cir.2006)). Proof of copying with circumstantial evidence requires evidence that (1) the alleged infringer had access to the work, and (2) that the supposed copy is substantially similar to the author's original work. *Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 353–54 (4th Cir. 2001).

Earthworks is able to establish the elements of copyright infringement. First, Plaintiff's uncontested certificate of registration constitutes sufficient evidence to survive summary judgment on the issue of ownership of a valid copyright. 17 U.S.C. § 410; *see also Palmetto Builders & Designers, Inc. v. UniReal, Inc.*, 342 F. Supp. 2d 468, 472 (D.S.C. 2004). Second, Defendants do not contest at this stage whether Defendants' plans are substantially similar to the original plans designed by Steven Strickland, ECF No. 86 at 2, nor do they argue that they did not have access to Earthworks' plans. Because Defendants have not carried their initial burden, Plaintiff prevails at this stage on the elements of copyright infringement. The question is whether sufficient evidence shows that this activity occurred, at least in part, after June 7, 2014.

Defendants represents that construction of The Diamond had not been completed as of March 24, 2020, ECF No. 96, and Defendants acknowledge that they made hundreds of regulatory submissions of allegedly infringing plans. ECF No. 98-8 at 5. Steven Strickland further testified that between October 2014 and January 2015, Defendants submitted site plans for The Diamond to Horry County, the South Carolina Department of Health and Environmental Control, the Grand Strand Water and Sewer Authority, and other utility companies to obtain permits. Strickland Aff., ECF No. 98-9. While these claims are timely, the Court reiterates that

claims relating to earlier submissions, *e.g.*, those made in November 2012, are barred by the statute of limitations.

In addition, drawing all reasonable inferences in Plaintiff's favor, as the Court must, a jury could find that Defendants distributed infringing plans to contractors and subcontractors after June 7, 2014, where construction is still in progress. Defendants have not adduced any evidence that this distribution did not occur, and the Court finds it reasonable if not probable that to construct the site, this distribution likely occurred within the limitations period. These claims of copyright infringement are timely, and the Court denies summary judgment with respect thereto.

> **B. Plaintiff's Claims for Copyright Infringement Arising out of Defendants' Construction of the Diamond Fail as a Matter of Law, Where Plaintiff's Work is a Technical Drawing and Not an Architectural Work.**

Plaintiff alleges that Defendants infringed its copyright in the original plans by constructing the site with the aid of infringing copies of the original plans. It is only the act of creating infringing plans, and not the use of those infringing plans to create as-built structures and features, however, which constitutes an act of copyright infringement. The Court therefore grants Defendants' motion on this claim.

Plaintiff registered the copyrighted work at issue here as a technical drawing under 17 U.S.C. § 102(a)(5), *see* ECF No. 1-2, as opposed to an architectural work under 17 U.S.C. § 102(a)(8). In 1990, Congress added the architectural works category of protection through enactment of the Architectural Works Copyright Protection Act ("AWCPA"). The AWCPA was designed to bring the United States into compliance with the Berne Convention, which requires protection for physical "works of . . . architecture" as opposed to "illustrations, maps, plans, sketches, and three-dimensional works relative to . . . architecture." Berne Convention for the Protection of Literary and Artistic Works, Sept. 9, 1886, *as last revised* July 24, 1971 *and*

*amended* Sept. 28, 1979, S. Treaty Doc. No. 99–27, 1161 U.N.T.S. 30. The "primary effect" of the AWCPA was "to provide copyright protection to physical architectural works" depicted in architectural plans, in addition to protection of the plans' two-dimensional form. *See Nat'l Med. Care, Inc. v. Espiritu*, 284 F. Supp. 2d 424, 434 (S.D.W. Va. 2003).

Prior to the AWCPA, authors of architectural plans appeared to register their works, if at all, under the "pictorial, graphic, and sculptural works" category in 17 U.S.C. § 102(a)(5). *Cf. Robert R. Jones Assocs., Inc. v. Nino Homes*, 858 F.2d 274, 278 (6th Cir. 1988). The AWCPA's amendments to the Copyright Act did not, however, alter the "[p]rotection for architectural plans, drawings, and models as pictorial, graphic, or sculptural works under section 102(a)(5)." H.R. Rep. No. 101-735, *reprinted in* 1990 U.S.C.C.A.N. at 6950. The protections afforded to architectural works are therefore greater than those attendant to pictorial, graphic, or sculptural works with respect to copyright protection of physical structures depicted in two-dimensional plans. *See Espiritu,* 284 F. Supp. 2d at 435 ("Copyright protection only extends to as-built structures when the copyright is registered under the AWCPA."). In addition, to grant the holder of a technical drawing copyright the exclusive right to build the structure or feature depicted in drawings would be to elevate the copyright to a patent. *See Forest River, Inc. v. Heartland Recreational Vehicles, LLC*, 753 F. Supp. 2d 753, 759 (N.D. Ind. 2010); *Nino Homes*, 858 F.2d at 278.

Plaintiff relies primarily on the case of *Nino Homes*, which held that the plaintiff could recover damages as a result of the defendants' use of infringing plans to create several houses. The court explicitly held, though, that such use did not constitute an act of copyright infringement. *Id.* at 281 ("[U]sing those infringing copies to build seven houses did not constitute seven discrete acts of infringement."). Rather, the court made a factual finding that the defendants' use multiplied recoverable infringer's profits. *Id.* The court in *Forest River* further

11

noted the outcome in *Nino Homes* appeared to have been "an attempt to make an exception for architectural works that would provide them expanded protection and fill a void in existing copyright laws" prior to enactment of the AWCPA. *Forest River*, 753 F. Supp. 2d at 760.

Because Plaintiff's work is registered as a technical drawing and not an architectural work under the AWCPA, the Court holds that Defendants' use of infringing plans to construct The Diamond is not an act of copyright infringement and grants Defendants' motion as to these claims. The issue of whether such construction is relevant to the issue of damages is not before the Court.

> **C.  Plaintiff Demonstrates Genuine Issues for Trial Regarding Defendants' Alleged Infringement by Displaying "Artistic Depictions" of The Diamond on Hanco's Website. These Claims are Only Timely, However, to the Extent Images were First Displayed After June 7, 2014**

There is a genuine dispute of material fact as to whether Defendants infringed Earthworks' copyright by displaying self-styled "artistic depictions" of The Diamond site plan on Hanco's website within the limitations period. Comparison of Earthworks' plans, ECF No. 85-4, and the images displayed on Hanco's website, ECF No. 85-10; 86-1, are similar enough that a jury could reasonably conclude that they are substantially similar.

"[S]ubstantial similarity asks whether a defendant copied the original elements of a copyright." *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 436 (4th Cir. 2010), *as amended* (Aug. 24, 2010) (internal quotation omitted). Substantial similarity is a two-pronged test. The plaintiff must show that the two works are (1) "extrinsically similar because they contain substantially similar ideas that are subject to copyright protection" and (2) "intrinsically similar in the sense that they express those ideas in a substantially similar manner from the perspective of the intended audience of the work." *Id.* at 435 (quoting *Lyons*, 243 F.3d at 801).

Both requirements require resolution of genuinely disputed factual issues. The Court finds that the works contain genuinely disputable similarities with respect to the overall design of The Diamond. The works, compared side-by-side, display a similar overall alignment of features that, while not individually subject to copyright protection, are protected when arranged in a nonstandard arrangement and composition of spaces and elements. *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 43 F. Supp. 3d 644, 669 (E.D. Va. 2014), *aff'd*, 790 F.3d 532 (4th Cir. 2015) (noting that composition of standard features is protectable to the extent such features are composed in an original form overall). Second, resolution of the intrinsic similarity question "is typically not suitable for resolution on a motion for summary judgment. This is so because the very nature of the intrinsic test—examining an ordinary person's subjective impressions of similarities between two works—is typically the province of the jury." *Id.* at 679 (citing *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006)).

The record further establishes that certain of Plaintiff's claims regarding Defendants' advertising are timely. Defendants concede that certain images depicting The Diamond were first displayed online after June 7, 2014. ECF No. 96 at 4.

Because the record before the court presents genuinely disputed factual issues, Earthworks' claim for copyright infringement arising from Defendants' use for marketing on Hanco's website survives summary judgment to the extent the conduct complained of occurred after June 7, 2014.

## II. The Statute of Limitations Ran on Earthworks' State Law Claims Before it Filed Suit, Because it Reasonably Ought to have Discovered the Bases for these Claims in 2012.

Plaintiff's remaining state law claims for misrepresentation and fraud are also subject to a three-year statute of limitations. S.C. Code Ann. § 15-3-530(5), (7). Both causes of action accrue under South Carolina's discovery rule. *E.g.*, *Rumpf v. Massachusetts Mut. Life Ins. Co.*, 357 S.C.

386, 394, 593 S.E.2d 183, 187 (Ct. App. 2004). According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered. *Hedgepath v. American Tel. & Tel. Co.*, 348 S.C. 340, 559 S.E.2d 327 (Ct. App. 2001). Under this rule, a cause of action accrues for purposes of the statute of limitations when a plaintiff has notice that he might have a remedy for a harm. *Dean v. Ruscon Corp.*, 321 S.C. 360, 468 S.E.2d 645 (1996). The statute runs from the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct. *Hedgepath*, 348 S.C. at 355–56, 559 S.E.2d at 336. In explaining the discovery rule, the Supreme Court of South Carolina held:

> We have interpreted the "exercise of reasonable diligence" to mean that the injured party must act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on notice that a claim against another party might exist. Moreover, the fact that the injured party may not comprehend the full extent of the damage is immaterial.

*Dean,* 321 S.C. at 363–64, 468 S.E.2d at 647. When there is no conflicting evidence regarding whether a claimant should have known that a cause of action existed, resolution of the question is appropriate on a motion for summary judgment. *Abrasives-S., Inc. v. Awuko Abrasives Wandmacher GmbH & Co. KG*, 225 F. Supp. 3d 545, 548 (D.S.C. 2016) (citing *Moriarty v. Garden Sanctuary Church of God*, 341 S.C. 320, 534 S.E.2d 672, 681 (2000)).

Each of the statements underlying Earthworks' state law misrepresentation and fraud claims occurred in 2012, and these claims accrued when the exercise of reasonable diligence, undertaken with "some promptness," *Dean*, 321 S.C. at 363 S.C. at 363-64, 468 S.E.2d at 647, would have disclosed the cause of action.

Earthworks sent a letter to Kirk Hanna to cease and desist from the use of Earthworks' plans on December 20, 2012. A reasonable jury could only conclude that the claims arising from Kirk Hanna's October 2, 2012 statements accrued on or before December 20, 2012. These claims

arise from Kirk Hanna's statements that (1) he would engage Earthworks and proceed with a contract, and (2) that he would retain a separate firm to design new plans if he did not engage Earthworks. The substance of the cease-and-desist letter as alleged, SAC at ¶ 44, would leave a jury with one reasonable inference: Earthworks (1) knew that it was not going to be engaged; and (2) that it had sufficient reason to believe that Defendants were using its plans. The statute of limitations with respect to these claims therefore expired before this suit was filed.

With respect to claims arising from Kirk Hanna's December 30, 2012 response to the cease-and-desist letter, *i.e.* that Defendants were not using infringing plans, the Court holds that Earthworks failed to exercise reasonable diligence as a matter of law by apparently taking no action to investigate the veracity of Kirk Hanna's response. *See Kennedy v. Josephthal & Co.*, 814 F.2d 798, 803 (1st Cir. 1987) (holding that "as a matter of law, the exercise of reasonable diligence would require more of appellants than merely viewing two sets of statements, one of which logically cannot be true, and [choosing] one of those sets. We believe no reasonable fact finder could determine that appellants exercised reasonable diligence."). The cease-and-desist letter leaves no genuine dispute that Earthworks possessed sufficient information to believe that Kirk Hanna's response thereto may have been false. This claim is therefore barred by the statute of limitations.

III. **Because Plaintiff was Not Prevented from Discovering the Bases for its Claims and No Extraordinary Circumstances Rendered Timely Filing Impossible, the Statutes of Limitations are Not Tolled.**

As an alternative to Earthworks' argument that its claims did not accrue until June 24, 2014, it seeks to toll the statute of limitations under the doctrine of either equitable tolling or fraudulent concealment. In support of this theory, Earthworks would show that Kirk Hanna made representations to Steven Strickland that Defendants did not submit infringing plans and that the project was underway using a different design as late as December 30, 2012. As discussed

below, neither tolling doctrine operates to extend the three-year statute of limitations under the present facts.

> A. **Fraudulent Concealment Does Not Apply Simply Because a Defendant Denied Allegations of Wrongdoing.**

The elements required to toll a limitations period under the doctrine of fraudulent concealment are "(1) fraudulent concealment by the party raising the statute together with (2) the other party's failure to discover the facts which are the basis of his cause of action despite (3) the exercise of due diligence on his part." *Charlotte Telecasters, Inc. v. Jefferson-Pilot Corp.*, 546 F.2d 570, 574 (4th Cir. 1976) (quoting *Weinberger v. Retail Credit Co.*, 498 F.2d 552, 555 (4th Cir. 1974)). The doctrine of fraudulent concealment applies to situations in which the plaintiff, because of wrongful concealment, is in fact not aware of the basis for a claim within the limitations period. *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 549 (4th Cir. 2019). A defendant's denial of wrongdoing does not rise to the level of fraudulent concealment required to toll the statute. *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1092-97 (C.D. Cal. 2016); *Mullinax v. Radian Guar., Inc.*, 311 F. Supp. 2d 474, 491 (M.D.N.C. 2004) (granting a motion to dismiss, in part because "denials of wrongdoing by Defendants . . . fail to show that Defendants fraudulently concealed their alleged misconduct").

Plaintiff has alleged no more than that on December 30, 2012, Kirk Hanna denied that Defendants had submitted infringing plans to regulators in response to a cease-and-desist letter. The Court finds this claim, even if true, insufficient to toll the statute as a matter of law. The Court also notes that in November 2012, Earthworks notified regulators that the plans submitted by Venture three days prior were the subject of copyright. Thereafter, Earthworks gained knowledge of a second submission for The Diamond and transmitted a FOIA request for those documents. Although the record does not indicate what response Earthworks received to its FOIA request, the undisputed facts leave only two reasonable inferences: either Earthworks

received the last alleged submission for The Diamond, in which case it had actual knowledge of the claim and fraudulent concealment does not apply, or it did not receive these documents, in which case Earthworks failed to exercise due diligence in acquiring them in light of its stated concern that its plans were being used without authorization.

> **B. Equitable Tolling is Inappropriate where Plaintiff Fails to Establish any Extraordinary Circumstance that Made Timely Filing Impossible.**

Equitable tolling applies "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (internal quotation marks omitted). Equitable tolling does not demand any inquiry into the actions of a defendant, *Edmonson*, 922 F.3d at 549, but rather focuses on whether there was "excusable delay" by the plaintiff. *Id.* (quotation omitted).

Earthworks directs the Court to the case of *Kuusk v. Holder*, in which the Fourth Circuit stated a test for equitable tolling. *See* 732 F.3d 302, 305 (4th Cir. 2013). *Kuusk*'s statement of the test required that either "(1) the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant; or (2) extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Id.* (internal quotation omitted). The court in *Kuusk* further noted that application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). However, *Kuusk* predates the Fourth Circuit's decision in *Edmonson v. Eagle Nat'l Bank*, in which the court clarified the distinctions between tolling doctrines. Equitable tolling focuses not on any actions undertaken by a defendant, *id.* at 549, but only on whether the rare instance presents itself where a plaintiff's delay is excusable and gross injustice would result from applying the

statute. *Id.* (citations omitted). After *Edmonson*, application of equitable tolling based on "some kind of wrongful conduct on the part of the defendant" is unavailable. *See id.*

The Court further finds that no extraordinary circumstances exist in this case that made it impossible for Earthworks for Plaintiff to file suit within the limitations period. The only facts bearing on the issue are that Kirk Hanna told Steven Strickland that he would hire someone else to design new site plans and that Kirk Hanna denied that Defendants had submitted copyrighted plans. No reasonable jury could find these circumstances so extraordinary that Plaintiff could not have been expected to explore its claim, which the record shows it had begun to do in 2012, and file suit in a timely manner.

IV. **Plaintiff is Not Entitled to Attorney's Fees or Statutory Damages, Because it did Not Register its Copyright Until After Defendants Allegedly Commenced a Related Series of Infringing Acts.**

Defendants move for summary judgments on Earthworks' claim for attorney's fees and statutory damages, and argue that because Earthworks did not register its copyright until November 14, 2012, it is precluded from recovering such damages for all acts of infringement alleged in the SAC under *Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315 (4th Cir. 2007). Plaintiff responds that the language of 17 U.S.C. § 412(2) permits recovery of attorney's fees and statutory damages for each act of infringement that occurred after the effective date of its copyright registration.

17 U.S.C. § 412 provides that no award of statutory damages or of attorney's fees, as provided by § 504 and § 505, shall be made for (1) "any infringement of copyright in an unpublished work commenced before the effective date of its registration;" or (2) "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." An infringement "'commences' for the purposes of § 412 when the

first act in a series of acts constituting continuing infringement occurs." *Bouchat v. Bon-Ton Dep't Stores, Inc.*, 506 F.3d 315, 330 (4th Cir. 2007) (quoting *Johnson*, 149 F.3d 494, 506 (6th Cir. 1998)); *see also Johnson v. Univ. of Virginia*, 606 F. Supp. 321, 325 (W.D. Va. 1985) ("The court notes, however, that the alleged post-registration infringements involve only photographs which were first used by defendants prior to registration. Consequently, those alleged post-registration infringements 'commenced' prior to registration, and thus pursuant to § 412, they provide no basis for allowing statutory damages or attorney's fees.").

Earthworks alleges, and Defendants have conceded, that Defendants first infringed Earthworks' copyright by transmitting Earthworks' original site plans to regulators on November 2, 2012. This act of infringement occurred prior to Earthworks' registration on November 14, 2012, and thus Defendants' infringement "commenced" prior to registration. 17 U.S.C. § 412 therefore precludes attorney's fees statutory damages recovery in this case. Although there are genuine issues related to post-registration infringements, "[t]hese post-registration activities make no difference," *Bouchat*, 506 F.3d 315, 330 (4th Cir. 2007), regarding the availability of attorney's fees and statutory damages. Defendants have carried their burden in establishing the lack of a triable issue on this question, and Earthworks has failed to demonstrate that one exists. Accordingly, Defendants' motion is granted on the issue of attorney's fees statutory damages.

## CONCLUSION

After a thorough review of the arguments and evidence submitted by the parties, and the record in this case, Defendants' Motion for Summary Judgment, ECF No. 81, is GRANTED in part and DENIED in part.

Specifically, Defendants' motion is GRANTED with respect to (1) all claims for copyright infringement that are alleged to have occurred prior to June 7, 2014; (2) claims for copyright infringement arising from Defendants' alleged use of infringing plans to construct The

Diamond; (3) state law claims for misrepresentation and fraud; and (4) Plaintiff's claim for attorney's fees and statutory damages. Defendants' motion is DENIED in all other respects.

    IT IS SO ORDERED.

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge

April 8, 2020

Florence, South Carolina